**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Miguel Haro-Arce,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CIV 12-152-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on March 2, 2012, by Jose Miguel Haro-Arce, an inmate confined in the Arizona State Prison Complex in San Luis, Arizona. (Doc. 1) Haro-Arce claims the trial judge was biased, the indictment "overcharged me," and he was subjected to an illegal search and seizure because the search warrant was issued for the wrong address. *Id.*

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Haro-Arce's claims are procedurally defaulted.

Summary of the Case

On October 3, 2008, Haro-Arce was found guilty "after a jury trial of one count of illegally conducting an enterprise; nine counts of sale and/or transfer of one gram or more of

1 heroin, a narcotic drug; and two counts of possession of a narcotic drug for sale." (Doc. 10-1)
2 The trial court sentenced Haro-Arce to concurrent sentences, the longest of which was life
3 imprisonment with parole eligible after 25 years. (Doc. 10-1, pp. 19-20)

4 Haro-Arce filed a notice of appeal on November 14, 2008. (Doc. 10-2, p. 23)
5 Appointed counsel could find no meritorious arguments to raise and filed a brief pursuant to
6 *Anders v. California*, 386 U.S. 738, 744 (1967). (Doc. 10-1, p. 20); (Doc. 10-2, p. 23) Haro-
7 Arce was given an opportunity to file a brief pro se, but he did not do so. (Doc. 9, p. 4) The
8 court of appeals reviewed the record for error and finding none, affirmed Haro-Arce's
9 convictions and sentences. (Doc. 10-1, p. 21) Haro-Arce did not file a petition for review with
10 the Arizona Supreme Court. (Doc. 9, p. 4)

11 On November 20, 2008, Haro-Arce filed a notice of post-conviction relief. (Doc. 10-2,
12 p. 23) Appointed counsel could find no meritorious arguments to raise and asked that Haro-
13 Arce be allowed to file his own petition pro se. *Id*. In his pro se petition, Haro Arce argued (1)
14 trial counsel failed to procure a plea agreement, (2) trial counsel performed inadequate
15 investigation, (3) he was denied the right to testify on his own behalf, (4) his defense was
16 adversely affected because he could not understand English, (5) he disagreed with counsel about
17 trial strategy, (6) trial counsel failed to secure jury instructions for a lesser included offense, (7)
18 trial counsel failed to perform adequate cross-examination, and (8) his sentences were unfair.
19 (Doc. 10-2, p. 24) The trial court conducted a hearing on the claim that Haro-Arce was denied
20 the right to testify on his own behalf but denied the petition on December 6, 2010. (Doc. 10-2,
21 p. 28)

22 Haro-Arce filed a petition for review with the Arizona Court of Appeals. (Doc. 10-2, p.
23 30) Appointed counsel could find no meritorious arguments to raise and asked that the court
24 review the record for fundamental error. (Doc. 10-2, p. 40) The court of appeals granted review
25 of the "right to testify" issue but denied relief on July 22, 2011. (Doc. 10-3) Haro-Arce did not
26 file a petition for review with the Arizona Supreme Court. (Doc. 9, p. 4)

27 On March 2, 2012, Haro-Arce filed the pending petition for writ of habeas corpus
28 pursuant to 28 U.S.C. § 2254. He claims the trial judge was biased, the indictment

"overcharged me," and he was subjected to an illegal search and seizure because the search warrant was issued for the wrong address. *Id.*

Discussion

The writ of habeas corpus affords relief to persons in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Federal review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly

1 analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

In this case, the respondents argue Haro-Arce's claims are procedurally defaulted. They are correct. Haro-Arce's claims were not raised in either his direct appeal or his appeal of the denial of his post-conviction relief petition. *See also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (The state court's fundamental error review does not excuse a petitioner's failure to raise his claims explicitly.).

Moreover, Haro-Arce cannot return to state court now and properly exhaust his issues because he is precluded from doing so by Ariz.R.Crim.P. 32.2(a). *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). Accordingly, his issues are procedurally defaulted. *Id.* Haro-

- 4 -

Arce did not file a reply arguing cause and prejudice or raising the miscarriage of justice exception. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). His claims must be denied.

### RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. Replies shall not be filed unless leave is granted by the District Court.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 4th day of April, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge